UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KIMBERLY PREVETT,

   Plaintiff,

v.

DIAMOND AUTO GLASS, INC. a Montana corporation, d/b/a HARMON AUTO GLASS,

   Defendant.

NO. CV-05-179-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**

Before the Court is Plaintiff's Motion to Remand (Ct. Rec. 3). Plaintiff objects to Defendant's removal of this action and moves this Court for remand of the case to Spokane County Superior Court.

## BACKGROUND FACTS

Defendant is a Montana corporation that operates a Harmon Auto Glass outlet in Spokane, Washington. Plaintiff Kimberly Prevett, a citizen of Washington state, was employed at Defendant's Spokane outlet for approximately three (3) weeks. In April 2005, Plaintiff discovered that she was pregnant. Plaintiff informed the Regional Manager for Defendant of her pregnancy on April 19, 2005. On April 22, 2005, the Defendant's Regional Manager informed her that she was being let go because "she was not working the way he expected." According to Plaintiff, she was terminated because she was pregnant. According to Defendant, her employment was terminated for poor performance.

Shortly after being terminated, Plaintiff suffered a miscarriage. Plaintiff

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND ~ 1**

contends that her termination of her employment contributed to her miscarriage.

## PROCEDURAL HISTORY

On May 16, 2005, Plaintiff sued Defendant Diamond Auto Glass, a Montana corporation that operates Harmon Auto Glass, in Spokane County Superior Court for pregnancy discrimination and wrongful termination. Defendant removed the case to a federal court on June 13, 2005, based on diversity jurisdiction (Ct. Rec. 1). Plaintiff now seeks to remand on the basis that this Court does not have jurisdiction because the amount in controversy requirement of diversity jurisdiction is not met (Ct. Rec. 3).

## DISCUSSION

In order for removal to be proper, the federal court must have original subject matter jurisdiction over an action. 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over cases in diversity. 28 U.S.C. § 1332. In order for the federal court to exercise diversity jurisdiction over a civil action, two prongs must be satisfied: (1) diversity of citizenship and (2) amount in controversy. *Id.* The parties do not dispute that diversity of citizenship exists. Plaintiff is a citizen of Washington, and Defendant is a Montana corporation, with its principal place of business in Montana.

Diversity jurisdiction exists under § 1332 only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." The calculation of the amount in controversy includes attorneys fees and costs when the underlying statute authorizes such award. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The parties disagree whether the amount of controversy is met in this case.

The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where doubt regarding the right

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND ~ 2**

to removal exists, a case should be remanded to state court. *Id.* There is a "strong presumption" against removal jurisdiction. *Id.* If the federal district court lacks subject matter jurisdiction, then it is mandatory that the district court remand the case to the appropriate state court in which the action was originally filed. 28 U.S.C. § 1447.

When the amount in controversy is not evident from the face of the complaint, the party seeking to remove to federal court has the burden of showing "by a preponderance of the evidence" that the amount in controversy is greater than or equal to $75,000. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Although the Ninth Circuit has not directly addressed the types of evidence a defendant may rely on to satisfy the preponderance of the evidence test for jurisdiction, it has endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any "summary- judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376-77 (9th Cir. 1997) (holding that a judicial admission may establish the amount in controversy). Removal cannot be based on conclusory allegations. *Matheson*, 319 F.3d at 1090. Where doubt regarding the right to removal exists, the case should be remanded to state court. *Id.*; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

In her complaint, Ms. Prevett states her claim for damages as follows:

> As a direct and proximate result of the pregnancy discrimination and wrongful termination, Plaintiff has suffered and continues to suffer economic and emotional injuries and other damages in specific amounts to be proven at the time of trial.

(Ct. Rec. 1).

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND ~ 3**

She seeks:

(1) actual damages as defined by Washington discrimination laws; . . .

(2) costs of litigation and attorney's fees; . . .

(3) interest calculated at the maximum amount allowed by law; . . .

(4) compensation for adverse income tax consequences; . . . and

(5) leave to amend Plaintiff's complaint for damages.

(*Id.*)

In her Motion for Remand, Plaintiff adduces facts that her damages for lost wages amount to $1,301.00. Plaintiff has not set a front pay damages amount. She concedes that her damages for emotional distress were unknown and unquantifiable at the time of removal.

Defendant has not met its burden of showing by a preponderance of the evidence that the amount of controversy requirement is met. Although it appears that Plaintiff's claim will be at least $35,000, since she did not submit to mandatory arbitration in Spokane County Superior Court, this amount is significantly less than the $75,000 amount required for diversity jurisdiction. Defendant has not provided the Court with evidence of similar awards for similar claims. Given that § 1332 is strictly construed against removal, and given that if doubt exists regarding whether there is a right to removal, the case should be remanded to state court, the Court cannot find that it has subject matter jurisdiction to hear this case.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand (Ct. Rec. 3) is **GRANTED.**

2. The Court hereby **REMANDS** this case to the Spokane County Superior Court.

//

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND ~ 4**

1  **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2  Order and forward copies to counsel.
3    **DATED** this 26th day of September, 2005.
4
5              s/ ROBERT H. WHALEY
               Chief United States District Court
6
7
8
9
10
11
12
13
14  Q:\CIVIL\2005\Prevett\remand.ord.prevett1.wpd
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND ~ 5**